# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAVONTE LANE (2019-0529159),<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | Case No. 21 C 1977<br><br>Hon. Manish S. Shah |

## ORDER

The Court grants Plaintiff's renewed application for leave to proceed *in forma pauperis* [8]. The Court orders the trust fund officer at Plaintiff's place of incarceration to immediately deduct $20.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee in this case. As discussed below, the Court also orders Plaintiff to pay (and the facility having custody of him to automatically collect and remit) to the Clerk of Court, 100% of any and all deposits to Plaintiff's account until his filing fees have been paid in full. The Court, however, defers consideration of Plaintiff's complaint under 28 U.S.C. § 1915A and his motion for attorney representation [4] because he did not disclose any of the lawsuits for which he owes fees. By July 28, 2021, Plaintiff must explain in writing why this case should not be dismissed for his failure to completely and accurately disclose his litigation history. Failure to comply will result in dismissal of this lawsuit. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute.

## STATEMENT

Cook County detainee Lavonte Lane brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning his arrest on April 26, 2019. Plaintiff cannot prepay the filing fee, so the Court grants his application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the Court orders Plaintiff to immediately pay (and the facility having custody of him to automatically collect and remit) $20.33 to the Clerk of Court for the initial partial filing fee in this case. Plaintiff also must pay the balance of the fee in installment payments. *See* 28 U.S.C. § 1915(b)(2).

The Court's records show that Plaintiff owes filing fees for five cases: $347.00 in *Lane v. Cook County Jail*, No. 17 C 5354 (N.D. Ill.); $400.00 in *Lane v. Cook County*, No. 19 C 1488 (N.D. Ill.); $400.00 in *Lane v. Cook County Jail*, No. 19 C 1489 (N.D. Ill.); $400.00 in *Lane v. Dart*, No. 19 C 1493 (N.D. Ill.); and $350.00 in this case, *Lane v. Doe*, No. 21 C 1977 (N.D. Ill.). Under the Prison Litigation Reform Act, when a prisoner brings a civil action or files an appeal *in forma pauperis*, the Court (and the agency having custody of him) shall collect 20% of the prisoner's monthly income toward payment of the filing fee "each time the account exceeds $10 until the filing fees are paid." *See* 28 U.S.C. § 1915(b)(2). Income for purposes of calculating payments under the PLRA includes all deposits to a prisoner's trust fund account, including but not limited to gifts and bequests. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). When a prisoner files more than one federal action *in forma pauperis*, the Court must collect 20% of the prisoner's monthly income for each case filed. *Bruce v. Samuels*, 577 U.S. 82, 90 (2016).

Because Plaintiff owes filing fees to this Court for five cases, the Court orders Plaintiff to pay (and the facility having custody of him to automatically collect and remit) to the Clerk of Court 100% percent of any and all deposits to Plaintiff's account each month that deposits exceed $10 until his filing fees have been paid in full. The filing fees identified in this order may not be the whole list. Plaintiff might owe fees Plaintiff accrued in other federal judicial districts or in connection with federal appeals he has filed. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and case numbers. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fees have been paid in full.

Plaintiff cannot proceed with his complaint at this time. The Court's civil rights complaint form requires a plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court in the United States." The form complaint also states:

> IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.

(emphasis in original). Despite this warning, Plaintiff answered "N/A" to each of the questions about his prior lawsuits.

If an inmate's complaint misrepresents his litigation history, a district court may exercise its discretion and "impose appropriate sanctions, including dismissal or default." *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (affirming dismissal when complaint form clearly warned plaintiff that failure to provide litigation history would result in dismissal). Dismissal with prejudice may be appropriate if an omission from a prisoner's litigation history constitutes a "material failure to disclose." *Greyer v. Ill. Dep't of Corr.*, 933 F.3d 817, 880-81 (7th Cir. 2019); *see also, e.g., Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (dismissing appeal for failure to pay filing fee and as sanction for failing to disclose litigation history); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (same).

Plaintiff therefore must show good cause in writing why this case should not be dismissed for his failure to be truthful when filling out page 3 of the form complaint. This means that he must submit a written explanation, under oath, addressing why he did not disclose the lawsuits listed above. He also must disclose any other lawsuits or appeals he has filed in any state or federal court in the United States. If Plaintiff does not respond by the date set forth above, this case will be dismissed.

ENTER:

                                                                     Manish S. Shah
                                                                     United States District Judge

Date: June 23, 2021