IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVONTE LADELL LANE,<br><br>　　　Plaintiff,<br><br>　　　V.<br><br>CITY OF CHICAGO, CHICAGO POLICE OFFICERS ESCOBEDO (#18729), BOYER (#15717) MORA (#725), and PATEL (#687),<br><br>　　　Defendants. | Case No: 21-cv-1977<br><br>Judge: Hon. Manish S. Shah<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

NOW COMES Plaintiff LAVONTE LANE, by and through his undersigned attorneys at First Defense Legal Aid, and files this Second Amended Complaint against Defendants CITY OF CHICAGO and CHICAGO POLICE OFFICERS ESCOBEDO (#18729), BOYER (#15717) MORA (#725), and PATEL (#687) in their individual capacities, alleging as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff LAVONTE LANE's rights under the Constitution of the United States.

2. On April 25, 2019, LAVONTE LANE was approached by Defendants for an alleged trespass while waiting in line to purchase food at a JJ Fish and Chicken Restaurant.

3. Through deception, Defendants were able to convince LAVONTE LANE to leave the restaurant voluntarily so they could "talk to him." Mr. LANE was immediately arrested as soon as he stepped out of the restaurant.

4. While being arrested for an alleged, minor crime, LAVONTE LANE was tased three times--in the neck directly under his chin, in his lower back, and in his leg.

5. All charges against LAVONTE LANE were disposed of via *nolle prosequi* on August 21, 2020.

## JURISDICTION AND VENUE

6. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over claims arising under Illinois state law.

7. Venue is appropriate under 28 U.S.C. § 1391(b), as all defendants reside in this judicial district. In addition, substantial parts of the events giving rise to the claim occurred in this judicial district.

## PARTIES

8. Plaintiff LAVONTE LANE (hereinafter "PLAINTIFF" or "LANE") is a United States Citizen who at all times mentioned herein resided in the Northern District of Illinois.

9. Defendant CITY OF CHICAGO is a municipal corporation organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant CITY OF CHICAGO was at all times the employer and principle of OFFICERS ESCOBEDO, BOYER, MORA, and PATEL.

10. DEFENDANT OFFICERS ESCOBEDO, BOYER, MORA, and PATEL (hereinafter "DEFENDANT OFFICERS") were at all times duly appointed and sworn law

enforcement officers for the Defendant CITY OF CHICAGO. Each is sued in their individual capacity for violating the constitutional rights of LAVONTE LANE.

11. When DEFENDANT OFFICERS engaged in the conduct described in this Complaint, they were acting under the color of law, while on duty, in the scope of their employment, and as agents of Defendant CITY OF CHICAGO.

12. This action is brought against the CITY OF CHICAGO and DEFENDANT OFFICERS in their individual capacities.

## FACTS

13. On April 25, 2019, LANE visited a JJ Fish and Chicken restaurant located at 5401 S. Wentworth Ave., Chicago, IL 60609.

14. While waiting in line to order food, LANE was approached by DEFENDANT OFFICERS, who stated that they needed to speak with LANE outside.

15. LANE questioned the officers as to why they needed to speak with him, however, DEFENDANT OFFICERS dismissed LANE's concerns and stated that LANE needed to step outside with them.

16. In order to avoid confrontation, LANE voluntarily exited the restaurant believing that DEFENDANT OFFICERS merely wanted to speak.

17. DEFENDANT OFFICERS immediately arrested LANE as he walked outside, stating that he was trespassing on the property. LANE did not understand why he was being arrested, as he was a paying customer of the restaurant.

18. At no time, while in the restaurant, was LANE told by the restaurant's staff that he needed to leave the premises.

19. At no time, while in the restaurant, was LANE told by any security guard that he needed to leave the premises.

20. As the four DEFENDANT OFFICERS arrested LANE, they used unnecessary and excessive force by deploying their tasers into LANE's neck/throat, lower back, and leg.

21. At no point did LANE attempt to flee, and nor was he suspected of committing a serious crime, giving the four DEFENDANT OFFICERS no reasonable grounds to deploy their tasers at LANE, especially not into an extremely sensitive area of the body such as the neck/throat area.

22. LANE was charged with one count of Criminal Trespass to Land and four counts of Resisting/Obstructing a Peace Officer.

23. On August 21, 2020, this case was disposed of, and in LANE's favor, with all counts being nolle prosequied.

24. LANE suffered physical injury, emotional distress, humiliation, mental anguish, and pain and suffering as a result of DEFENDANT OFFICERS' unreasonable conduct.

<u>**COUNT I: 42 U.S.C. § 1983 - EXCESSIVE FORCE**</u>
<u>**Against Defendant Officers**</u>
<u>**(Federal Claim)**</u>

25. PLAINTIFF realleges paragraphs 1-24 as though fully set forth herein.

26. DEFENDANT OFFICERS used excessive force against PLAINTIFF when they deployed taser prongs into PLAINTIFF's neck/throat, lower back, and leg.

27. Four DEFENDANT OFFICERS, with the capability of physically subduing an arrestee without the use of a weapon, were present during this arrest.

28. DEFENDANT OFFICERS' repeated use of tasers was unreasonable given the totality of the circumstances in this case.

29. PLAINTIFF was not aggressive towards DEFENDANT OFFICERS when they used unnecessary and unreasonable force to effectuate the arrest.

30. PLAINTIFF was not committing or suspected of committing a serious crime at the time of excessive force.

31. PLAINTIFF was not attempting to flee the scene nor was there a risk that PLAINTIFF would flee the scene at the time of the excessive force.

32. PLAINTIFF suffered disfigurement from DEFENDANT OFFICERS' unreasonable conduct as he maintains a scar on the front of his neck from the tasing.

33. DEFENDANT OFFICERS' misconduct was willful and wanton and executed with malice, willfulness, reckless indifference, and conscious disregard for PLAINTIFF'S rights and safety.

34. At all times during their encounter with PLAINTIFF, DEFENDANT OFFICERS were acting under the color of state law and in the scope of their employment.

35. LANE suffered physical injury, emotional distress, humiliation, mental anguish, and pain and suffering as a result of DEFENDANT OFFICERS' unreasonable conduct.

### COUNT II: MALICIOUS PROSECUTION
### Against Defendant Officers
### (State Law Claim)

36. PLAINTIFF realleges paragraphs 1-24 as though fully set forth herein.

37. DEFENDANT OFFICERS knowingly commenced the prosecution of PLAINTIFF for the charge of Criminal Trespass to Land.

38. This charge was terminated in PLAINTIFF'S favor on August 21, 2020.

39. DEFENDANT OFFICERS willfully charged PLAINTIFF knowing that no probable cause existed at the time of arrest or commencement of prosecution.

40. DEFENDANT OFFICERS intentionally and maliciously commenced prosecution on PLAINTIFF absent probable cause and with reckless disregard of PLAINTIFF'S rights.

41. PLAINTIFF, in turn, has suffered damages, including but not limited to, deprivation of liberty, emotional distress, and mental anguish, as a result of DEFENDANT OFFICERS' malicious acts.

### COUNT III: 42 U.S.C. § 1983 - Failure to Intervene
### Against Defendant Officers
### (Federal Claim)

42. Plaintiff realleges paragraphs 1-24 as though fully set forth herein.

43. Defendant Officers had a reasonable opportunity to prevent the excessive force against and malicious prosecution of Plaintiff but failed to do so.

44. As a result of DEFENDANT OFFICERS' failure to intervene, Plaintiff was injured including, but not limited to, emotional distress, physical injury, and loss of liberty.

45. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

### COUNT IV: 745 ILCS 10/9-102 - INDEMNIFICATION
### Against the City of Chicago
### (State Law Claim)

46. PLAINTIFF realleges paragraphs 1-24 as though fully set forth herein.

47. DEFENDANT OFFICERS committed the aforementioned misconduct while acting under the color of state law, while on duty, and within the scope of their employment with the CITY OF CHICAGO.

48. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

49. As a proximate cause of the DEFENDANT OFFICERS' unlawful misconduct, which occurred within the scope of their employment activities, PLAINTIFF suffered physical and emotional injuries.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enters the following relief against Defendants:

   i. Judgment in PLAINTIFF's favor against DEFENDANT OFFICERS for compensatory damages, punitive damages, attorney's fees, and costs;

   ii. Order the CITY OF CHICAGO to pay PLAINTIFF any judgment obtained against DEFENDANT OFFICERS should they be found liable for any of the claims alleged in this Second Amended Complaint; and

   iii. Such other relief this Court deems just and equitable.

## JURY DEMAND

PLAINTIFF demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Ashley N. Rodriguez
*One of Plaintiff's Attorneys*

Ashley N. Rodriguez (#6333251)
Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
708.797.3066
ashley@first-defense.org
daniel@first-defense.org

**CERTIFICATE OF SERVICE**

I, Ashley Rodriguez, an attorney, hereby certify that a copy of Plaintiff's ***Second Amended Complaint*** was filed before 11:59 pm on 8/20/21 using the Court's CM/ECF filing system, which generates electronic notice to all parties of record in the case.

Respectfully submitted,

/s/ Ashley N. Rodriguez
*One of Plaintiff's Attorneys*

Ashley N. Rodriguez (#6333251)
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
708.797.3066
ashley@first-defense.org