**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LAVONTE LANE, | ) | |
| | ) | 21 C 1977 |
| Plaintiff, | ) | |
| | ) | Judge Manish Shah |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| THE CITY OF CHICAGO, ET AL. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Escobedo, Boyer, Mora, Patel (collectively, "the Officers"), and the City of Chicago (hereafter, "City"), move to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In support of this motion, Defendants state the following:

**BACKGROUND[1]**

On April 25, 2019, Chicago police officers Escobedo, Boyer, Mora, and Patel arrested Plaintiff at JJ Fish and Chicken Restaurant for trespassing and tased him while effectuating the arrest. (Second Am. Compl. ¶¶ 13, 17, 20.) Plaintiff was charged with one count of Criminal Trespass to Land and four counts of Resisting / Obstructing a Peace Officer. (*Id.* ¶ 22.) The charges were *nolle prosequied* on August 21, 2020. (*Id.* ¶ 23.)

---

[1] The following facts are taken from plaintiff's second amended complaint and presumed true for purposes of this motion. *Smith v. City of Chicago*, 3 F.4th 332, 334 (7th Cir. 2021). The facts are also taken from public court records, which this court may take judicial notice of. *Spiegel v. Kim*, 952 F.3d 844 (7th Cir. 2020); *Jackson v. City of Chicago*, 20-CV-3734, 2021 WL 2375997, at *2 (N.D. Ill. June 10, 2021) (taking judicial notice of docket entries from the plaintiff's state criminal proceedings).

Plaintiff initiated this lawsuit by submitting a complaint against the City of Chicago and four police officers that he identified only as "John Does C.P.D." (Dkt. 1 at p. 1.) The Court received Plaintiff's complaint on April 13, 2021. (Dkt. 1.) On June 23, 2021, the Court received a hand-written sheet of paper identified as "2nd Amended Complaint, Statement of Claim (Amended)" which identified Officer Boyer and Officer Escobedo as defendants. (Dkt. 9.) On August 20, 2021, Plaintiff filed a second amended complaint against the City of Chicago and Officers Escobedo, Boyer, Mora, and Patel. (Second Am. Compl. at p. 1.) Plaintiff's second amended complaint sets forth claims against the Officers for excessive force, malicious prosecution, and failure to intervene. The second amended complaint also brings an indemnification claim against the City. (*Id.* at p. 4-7.)

The Court should dismiss Plaintiff's second amended complaint because the excessive force claim is time-barred, the malicious prosecution claim is insufficiently pled, and the failure to intervene and indemnification claims are derivative of his other claims

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff; however, mere conclusory statements are insufficient to survive a motion to dismiss. *Doe v. Village of Arlington Heights*, 782 F.3d 911, 914-15 (7th Cir. 2015).

A statute of limitations is an affirmative defense, and the plaintiff need not plead around affirmative defenses. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P. 8(c)(1). Still, a plaintiff "may plead [himself] out of court by alleging (and thus admitting)

the ingredients of a defense." *Id.* As such, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2005).[2]

## ARGUMENT

Plaintiff's excessive force claim is time-barred. His malicious prosecution claim is insufficiently pled. And his failure to intervene and indemnification claims cannot stand. For these reasons, the Court should dismiss Plaintiff's second amended complaint.

### I.   The Excessive Force Claim Is Time-Barred

Plaintiff's excessive force claim is untimely because it was filed outside of the applicable two-year limitations period and does not relate back to the original complaint. Since equitable tolling is not appropriate in this case, the excessive force claim is barred by the statute of limitations. The Court should dismiss the claim with prejudice because the defects cannot be cured in an amended pleading.

### A.  The Claim Is Untimely

Section 1983 provides plaintiffs with a federal cause of action, but it does not contain a statute of limitations. As such, federal courts apply the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, that period is two years. *Smith v. City of Chicago*, 3 F.4th 332, 335 (7th Cir. 2021) (citing 735 ILCS 5/13-202 (West 2018)). Although state law governs the length of the statute of limitations for a section 1983 claim, federal law controls when that limitations period begins. *Id.* Under established Seventh Circuit law, Plaintiff's Fourth Amendment claims of excessive force and failure to intervene accrued on April 25, 2019 – the day of the incident.

---

[2] Even where the complaint does not plead all of the ingredients of a defense, affirmative defenses can still be considered at this stage on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The distinction, however, is largely inconsequential for purposes of this motion since motions to dismiss and motions for judgment on the pleadings are evaluated under the same standard. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043 (7th Cir. 2019) (noting that the practical effect of addressing a statute of limitations defense in a Rule 12(c) motion is same as addressing it in Rule 12(b)(6) motion).

*See Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997)("the statute of limitations on Washington's [unlawful arrest or excessive force claims] began to run when he knew or should have known that his constitutional rights had been violated – the date of his arrest"); *Grzanecki v. Cook County Sheriffs Police Dept.*, 2011 WL 3610087, at *3 (N.D. Ill. Aug. 16, 2011) (plaintiff's claims of excessive force "accrued on November 15, 2008—the day of the incident").

Plaintiff, therefore, had two years (until April 25, 2021) to file his excessive force claim against the Officers, but did not do so until months after the limitations period had expired. Accordingly, Plaintiff's excessive force claim against the Officers is untimely because it was filed outside the applicable two-year limitations period.

### B. The Claim Does Not Relate Back

Federal Rule of Civil Procedure 15(c) allows a plaintiff to add otherwise time-barred claims against new defendants if the claims "relate back" to the original complaint. Fed. R. Civ. P. 15(c). The amended pleading will "relate back" if the added defendant "knew or should have known that the action would have been brought against him, *but for a mistake concerning the proper party's identity*." *Id.* The existence of a "mistake" by the plaintiff has been construed as "a threshold requirement" in the relation-back analysis, and is independent of the determination of whether the party to be brought in had knowledge of the action. *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998). As such, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Id.*

The Seventh Circuit has long recognized that Rule 15(c)'s "mistake" clause does not apply where, as here, the plaintiff "simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (a plaintiff naming a John Doe defendant "because he does not know who harmed him," is not a mistake under Rule 15(c)); *Herrera v. Cleveland*, 8 F.4th 493,

498 (7th Cir. 2021) ("naming a John Doe defendant does not constitute a 'mistake' within the meaning of Rule 15(c)").[3] In this case, Plaintiff made a deliberate choice to sue four separate individuals listed as "John Doe C.P.D." in lieu of real people. Such an intentional and informed decision cannot amount to a mistake. Nor is it a mere slip of the pen. Plaintiff in this case, just like the plaintiff in *Herrera*, sued "John Doe C.P.D." because he lacked adequate information to ascertain the Officers' identities.

In light of these facts, Plaintiff cannot be said to have made a mistake regarding the identities of Officers Escobedo, Boyer, Mora, or Patel. "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704. This Court, therefore, need not reach the issue of whether the Officers knew or should have known that Plaintiff's action could be instituted against them. For similar reasons, this Court need not reach the issue of whether the Officers would be prejudiced by any proposed amendment. In short, because Plaintiff's second amended complaint does not satisfy the relation-back requirements of Rule 15(c)(1), his claims against the Officers are time-barred unless he can demonstrate a basis for equitable tolling.

### C. Equitable Tolling Does Not Apply

Equitable tolling stops the limitations clock where the litigants were diligently pursuing their rights and yet an extraordinary circumstance stood in their way of filing a timely claim. *Herrera*, 8

---

[3] The Seventh Circuit has long adhered to this "John Doe rule." See, *e.g.*, *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (noting that in a John Doe case, a "plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c)"); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (explaining that a plaintiff's "lack of knowledge" as to the defendants' identities does not amount to "a mistake in their names"); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (stating that Rule 15(c) "does not permit relation back where ... there is a lack of knowledge of the proper party").

F.4th at 499. Plaintiffs bear the burden to show they are entitled to equitable tolling. *Id.* "To be sure, equitable tolling is rare." *Id.*

A plaintiff's legal inexperience, *pro se* status, and state of incarceration are not extraordinary circumstances that justify his untimely amended complaint. *See Sims v. Hardy*, No. 11 C 3326, 2012 WL 4932609, at *2 (N.D. Ill. Oct. 16, 2012) (J. Feinerman). "Illinois does not toll the statute of limitations for inmates, nor does it consider a lack of resources sufficiently extraordinary to equitably toll the statute of limitations." *Bryant v. City of Chicago*, 746 F.3d 239, 242 (7th Cir. 2014) (*citing Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992)). The lack of legal expertise, standing alone, is not a basis for invoking equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Here, there is no reason why Plaintiff could not have named Officers Escobedo, Boyer, Mora, and Patel in his original complaint. No evidence suggests that anyone misled Plaintiff about his claim against the Officers; that Plaintiff attempted to bring his claim in the wrong forum; or that other extenuating circumstances precluded him from naming the Officers in this suit. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. *Hodge v. Parker*, 338 Fed. Appx. 534, 535 (7th Cir. 2009); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005); *Delgado-Brunet v. Clark*, 93 F.3d 339, 343 (7th Cir. 1996). As such, the doctrine of equitable tolling does not save Plaintiff's untimely claims, and the excessive force claim should be dismissed.

### D. The Dismissal Should Be with Prejudice

Federal Rule of Civil Procedure 15(a)(2) directs a district court to grant leave to amend a complaint "when justice so requires." *Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 943 (7th Cir. 2012). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th

6

Cir. 2008). An amendment is considered futile if it would not withstand a motion to dismiss. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

In this case, the Court should dismiss Plaintiff's excessive force claim with prejudice because the claim is time-barred, does not relate back to the original complaint, and is not saved by the doctrine of equitable tolling.

## II.    The Malicious Prosecution Claim Is Insufficiently Pled

The Court should dismiss the malicious prosecution claim because Plaintiff failed to plead facts establishing that the Officers commenced or continued criminal proceedings, the proceedings terminated in his favor, and the absence of probable cause for such proceedings.

The Illinois Supreme Court has long recognized that "suits for malicious prosecution are not favored." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 24. "To state a cause of action for the tort of malicious prosecution, the plaintiff must prove five elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." Id. ¶ 26. The failure to establish any of these elements bars a plaintiff's malicious prosecution claim. Id.

### A.    Plaintiff Did Not Plead that the Officers Commenced or Continued the Criminal Proceedings

To begin with, Plaintiff's malicious prosecution should be dismissed because Plaintiff has not pled any facts demonstrating that the Officers commenced or continued an original criminal proceeding.

When a criminal proceeding is at issue, "the relevant inquiry is whether the [defendant] proximately caused the commencement or continuance of [that] proceeding." *Beaman*, 2019 IL 122654, ¶ 33. "A criminal proceeding is commenced when a complaint, an information, or an indictment is filed." *Id.* (citing 725 ILCS 5/111-1 (West 2016)). A police officer does not commence

a prosecution solely by giving false information to the proper authorities. *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340, 346 (2000). When a person makes a "knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person." *Allen v. Berger*, 336 Ill. App. 3d 675, 678 (2002). Likewise, a defendant is not liable for "continuing" a criminal proceeding unless plaintiff can supply evidence "showing that the defendant improperly exerted pressure on the prosecution, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct" that was "instrumental" in the initiation or continuation of the prosecution. *Beaman*, 2019 IL 122654, ¶ 44; *see also Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001)("Illinois law requires that in order to commence or continue a criminal proceeding, the defendant must have initiated the criminal proceeding or "his participation in it must have been so active and positive a character as to amount to advice and cooperation.")

In this case, Plaintiff's second amended complaint is devoid of any facts showing that the Officers played a significant role in causing the prosecution of Plaintiff. There are no allegations that the Officers swore out a criminal complaint, nor does Plaintiff allege that the Officers presented false evidence to the grand jury or at a preliminary hearing for the purpose of causing Plaintiff to be prosecuted. Indeed, the second amended complaint does not indicate if the Officers were even present at the criminal proceedings. Put simply, Plaintiff failed to allege facts establishing that the Officers knowingly provided false information to the prosecuting officer or that they requested, directed or pressured the state's attorney to institute proceedings against Plaintiff such that his or her discretion was controlled by them.

Instead, Plaintiff makes the bald assertion that "Defendant Officers knowingly commenced the prosecution of Plaintiff for the charge of Criminal Trespass to Land." (Second Am. Compl. ¶ 37.) This is a conclusion that is not supported by any facts. See *Misselhorn v. Doyle*, 257 Ill. App. 3d 983, 986 (1994) (plaintiff's allegation that each defendant "initiated the aforesaid proceedings with malicious

intent" was a conclusion). Absent factual allegations that the Officers commenced or continued an original criminal proceeding against Plaintiff, the second amended complaint fails to state a cause of action for malicious prosecution.

### B.  Plaintiff Did Not Plead that the Proceedings Terminated in His Favor

Next, Plaintiff has not pled any facts demonstrating that the criminal proceedings were terminated in his favor – that is, in a manner indicative of his innocence. In *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996), the supreme court stated:

> The abandonment of the proceedings is not indicative of the innocence of the accused when [it] is the result of an agreement or compromise with the accused, misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial.

*Id.* at 513.    Additionally, "[t]he circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are [dismissed,] a civil malicious prosecution action could result." *Id.* at 513-14. Furthermore, plaintiff bears the burden of pleading and proving a favorable termination and this burden is met only when she establishes that the dismissal was entered for reasons consistent with her innocence. *Id.* at 513; *see also Johnson v. Arroyo*, 2010 WL 1195330, at *3 (N.D. Ill. Mar. 22, 2010) ("a dismissal following suppression of evidence for a technical reason [that did not call into question the reliability of the evidence] is not a reason indicative of innocence."); *Booker v. Ward*, 888 F. Supp. 869, 877 (N.D. Ill. 1995)("fact that a dismissal occurred because there was not other sufficient evidence would not be indicative of innocence" under Illinois law). As such, pursuant to the supreme court's holding in *Swick*, Plaintiff is required to plead the circumstances surrounding the abandonment of the criminal proceedings and those circumstances must compel an inference that a lack of reasonable grounds led to the dismissal of the proceedings. *Id;*

Here, Plaintiff did not plead any of the circumstances leading up to the dismissal of the criminal proceedings. Rather, he simply alleges that all counts were *nolle prosequied* on August 21, 2020, and that the criminal proceedings were terminated in his favor. (Second Am. Compl. ¶¶ 23, 38.) Under *Swick*, this does not demonstrate a favorable termination. That is, the allegations do not disclose why the prosecuting attorney chose to dismiss the criminal charges on August 21, 2020, and it is unclear whether the criminal proceedings were in fact terminated in a manner indicative of Plaintiff's innocence. See *Swick*, 169 Ill. 2d at 514 ("The bare use of the *nolle prosequi* order, which did not state its reasons for its entry, did not establish that the criminal proceedings were terminated in a manner consistent with Swick's innocence."); *Allen v. Berger*, 336 Ill. App. 3d 675, 680-81 (2002) (plaintiff's allegations that the prosecutor "dismissed the indictment" and that the criminal prosecution was "terminated in his favor" was not enough where plaintiff failed to allege any of the circumstances surrounding the dismissal of the criminal proceedings). Due to the lack of factual allegations regarding the reasons for the dismissal, Plaintiff has failed to plead a favorable termination and his malicious prosecution claim should be dismissed.

### C.  Plaintiff Did Not Plead the Absence of Probable Cause

Plaintiff's malicious prosecution claim is deficient for a third, independent reason: he fails to plead facts demonstrating the absence of probable cause for the criminal proceedings.

Probable cause is an absolute bar to an action for malicious prosecution. *Turner v. Chicago*, 91 415 N.E.2d 481, 485 (1st Dist. 1980). A reasonable ground for belief of an accused's guilt may be on information from other persons as well as on personal knowledge. *Johnson v. Target Stores, Inc.,* 341 Ill. App. 3d 56, 71-72 (2003). Moreover, the complainant is not required to verify the correctness of each item of information obtained; it is sufficient to act with reasonable prudence and caution. *Id.* In addition, if the victim of the crime supplies police with the information forming probable cause, there is a presumption that the information is inherently reliable. *Sang Ken Kim v. City of Chicago*, 368 Ill. App.

3d 648, 655 (2006). "The pertinent time for making the probable cause determination is the time when the charging document is filed, rather than the time of the arrest." *Porter v. City of Chicago*, 393 Ill.App.3d 855 (2009).

Here, Plaintiff did not plead facts establishing the absence of probable cause for his criminal proceeding. Plaintiff's allegations that he was not told by the restaurant's staff that he needed to leave the premises and that he was not told by any security guard that he needed to leave the premises (Second Am. Compl. ¶¶ 18-19) are insufficient to allege a lack of probable cause. Plaintiff alleges no facts at all about the facts and circumstances known to the Officers at the time of Plaintiff's arrest. As such, Plaintiff has failed to plead facts demonstrating the absence of probable cause for his criminal proceeding and his malicious prosecution claim fails for this reason as well.

## III. The Failure to Intervene and Indemnification Claims Cannot Stand

Because Plaintiff has failed to state an underlying claim, his failure to intervene and indemnification claims must be dismissed. See *Turner v. City of Champaign*, 979 F.3d 563, 571 (7th Cir. 2020) (a failure to intervene claim necessarily fails where plaintiff failed to allege an underlying constitutional violation); *Baskins v. Gilmore*, 2018 WL 4699847, at *12 (N.D. Ill. Sept. 30, 2018) ("[a]n indemnification claim necessarily will be tied to an underlying claim for liability").

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss in its entirety and for any other just relief.

Respectfully submitted,

*/s/ Gregory Beck*
Assistant Corporation Counsel Supervisor

City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312-742-5146
Gregory.beck@cityofchicago.org

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 19, 2021, I served the foregoing upon all counsel of record by filing it with the Clerk for the Northern District of Illinois using the CM/ECF system.

*/s/ Gregory Beck*