UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAVONTE LANE,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, et al.,<br><br>      Defendants. | Case No. 21 CV 1977<br><br>Judge Manish S. Shah |

### ORDER

Defendants' motion to dismiss [28] is granted. The federal claims are dismissed with prejudice and the state-law claims are dismissed without prejudice for lack of jurisdiction under 28 U.S.C. § 1367(c). Enter judgment and terminate civil case.

### STATEMENT

In his second amended complaint, plaintiff Lavonte Lane alleges that Chicago police officers Escobedo, Boyer, Mora, and Patel used excessive force (and failed to intervene in the use of excessive force) when arresting him. [17] at 4, 6.[1] In addition to these claims arising under federal law, 42 U.S.C. § 1983, Lane brings a state-law claim for malicious prosecution against the individual police officers and a state-law indemnification claim against the City of Chicago. [17] at 5, 6.

Defendants move to dismiss the federal claims based on the two-year statute of limitations that applies to § 1983 claims in Illinois. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019). The excessive force occurred on April 25, 2019. [17] ¶¶ 2–4.[2] Lane's original complaint, submitted without the assistance of counsel on April 13, 2021, listed four individual defendants as "John Doe C.P.D." and alleged that three to four police officers grabbed Lane and one officer shot him with a taser for no reason. [1] at 1, 4. On June 23, 2021, Lane submitted an amended complaint naming Escobedo as the officer who tased Lane and Boyer as involved in the arrest. [9] at 1. On August 20, 2021, after Lane obtained counsel, he filed the operative second amended complaint naming Escobedo, Boyer, Mora, and Patel as individual defendants.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings.

[2] I accept the facts alleged in the second amended complaint to be true. *See Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303 (7th Cir. 2021).

A complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). But a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). If a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Lane's complaint alleges all of the facts necessary to resolve the statute of limitations issue. His excessive-force claim accrued on April 25, 2019, and he submitted his original complaint on April 13, 2021. That complaint named individual defendants "John Doe." Not until June 23, 2021, more than two years after the claim accrued, did Lane name two of the current individual defendants. Then in August 2021, Lane named the other two individuals. Lane does not dispute that his federal claim accrued on April 25, 2019, and does not assert any argument for tolling the applicable two-year period. [34] at 2–7. There is no dispute that Lane filed the amended complaints after the expiration of the statute of limitations.

Lane says the amended complaints against the now-named officers relate back to his timely one under Federal Rule of Civil Procedure 15(c)(1)(C) because he merely changed the name of a party, the officers received sufficient notice such that they will not be prejudiced by defending the case, and they knew or should have known that the case would have been brought against them but for a mistake about their identity. The officers' argument for dismissal rests on the "mistake" requirement.

A plaintiff naming a John Doe defendant because he does not know who harmed him is not a mistake under Rule 15(c). *Herrera v. Cleveland*, 8 F.4th 493, 497 (7th Cir. 2021) (quoting *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006)). *Herrera* settles the issue here—Lane was not mistaken about the defendants' identity when he initiated this case; he knew that he didn't know their names. That is not a mistake under Rule 15(c)(1)(C)(ii). *Herrera*, 8 F.4th at 498. Without a mistake about identity, Lane cannot reach back to his timely filing to bring suit against the individual officers.

Lane argues that *Herrera* (decided in August 2021) overruled precedent and to apply it here would be a retroactive application of a change in the law. Not so. Although some district court decisions found that naming a John Doe could be mistake under Rule 15(c), no precedential decision said that. *See Herrera*, 8 F.4th at 497. The circuit-level precedent said that naming a John Doe because of ignorance was not a mistake. *Hall*, 469 F.3d at 596. The facts of *Hall* were about misnaming a corporation. *Hall*, 469 F.3d at 593. The Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 555–57 (2010), clarified that a corporate misnomer could be a mistake, but *Herrera* is not inconsistent with *Krupski*. Indeed, the court

explained in *Herrera* that *Krupski* did not change the analysis of John Doe claims. *Herrera*, 8 F.4th at 498.

Lane was ignorant of, not mistaken about the identity of the individual defendants. The amended complaint does not relate back under Federal Rule 15(c), and therefore, the federal claims for excessive force and failure to intervene are untimely. Those claims are dismissed with prejudice because amendment would be futile—no amendment could roll back time and allow Lane to sue the named officers under § 1983.

That leaves the state-law claims. The parties briefed the sufficiency of the malicious-prosecution allegations, but "when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). The City of Chicago is named only as a party to a state-law claim for indemnification, and without a federal claim in the case, there is no reason to keep the case in federal court solely to resolve issues of state law. (For example, whether a state prosecutor's dismissal of charges *nolle prosequi* amounts to a favorable termination indicative of innocence for purposes of a state-law tort of malicious prosecution is best addressed by a state court.) The state-law claims are dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

ENTER:

*/s/ Manish S. Shah*

Manish S. Shah
United States District Judge

Date: January 3, 2022